## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

---

| | |
|---|---|
| **DEREK D.  FLEMING** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )                    **No. 11-2911-STA** |
| | ) |
| **SHARP MANUFACTURING** | ) |
| **COMPANY OF AMERICA,** | ) |
| | ) |
| **Defendant.** | ) |

---

## ORDER GRANTING IN PART, DENYING IN PART PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

---

Before the Court is Plaintiff Derek D. Fleming's Motion to Amend/Correct Pro Se Complaint (D.E. # 18) filed on April 30, 2012.  Defendant Sharp Manufacturing Company of America ("Sharp") has responded in opposition to Plaintiff's Motion (D.E. # 21), and Plaintiff has filed a reply brief (D.E. #23).  For the reasons set forth below, the Motion is **GRANTED IN PART, DENIED IN PART**.

## BACKGROUND

**I.  Procedural Background**

Plaintiff filed his initial Complaint, pro se, on October 14, 2011, seeking injunctive relief as well as damages resulting from the termination of his employment.  Plaintiff alleges that Defendant employed discriminatory practices by not allowing male employees in his department to have the same assistance that female employees were routinely granted.  Plaintiff alleges when he voiced his

1

frustration about this practice, Defendant retaliated by relieving him of his duties.  On June 7, 2010, the Plaintiff filed an Equal Employment Opportunity Commission ("EEOC") charge of discrimination (D.E. #17-2) against Defendant.   The EEOC issued its determination letter on July 28, 2011, stating that Plaintiff was the victim of gender discrimination and that he engaged in protected activity on at least three (3) occasions prior to his termination (D.E. #17-3).  The EEOC also concluded that conciliation efforts had failed and thereafter issued its Right to Sue Notice (D.E. #17-4) on September 30, 2011.  Fourteen days later, Plaintiff filed this lawsuit.

On February 21, 2012, Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(6), which remains pending before this court (D.E. # 11).  On March 27, 2012, counsel for Plaintiff filed a notice of appearance (D.E. # 14).  On April 10, 2012, Plaintiff filed a response to Defendant's Motion to Dismiss, arguing that Plaintiff had articulated enough facts to state a claim for relief to be granted (D.E. # 17).

## II.  Motion to Amend/Correct Pro Se Complaint

On April 30, 2012, Plaintiff filed the instant Motion to Amend/Correct Pro Se  Complaint (D.E. #18).  Upon review, the proposed Amended Complaint alleges the following causes of action against the Defendant: (1) gender discrimination based on the denial of training opportunities, assignments, benefits, and pay equality in violation of Title VII, 42 U.S.C. 2000e-2(a); 42 U.S.C.§ 1981, and the Tennessee Human Rights Act ("THRA"); (2) subjecting Plaintiff to demeaning, mocking, and humiliation by his fellow employees when he asked for assistance with his work creating a hostile work environment under Title VII and Tennessee common law; and (3) retaliation under Title VII and the THRA, Tenn. Code Ann. § 4-21-301, denying job benefits, suspension, threats, reprimands, negative evaluations, harassment, or other adverse treatment.  Plaintiff contends

that under Rule 15's liberal standard for amending the pleadings, the Court should permit Plaintiff to amend.

Defendant has responded in opposition to Plaintiff's Motion, arguing that the claims in Plaintiff's proposed Amended Complaint are either untimely or are futile because they would not survive a motion to dismiss. Defendant argues that under the THRA, the statute of limitations runs one year after the alleged discriminatory practice ceases, therefore barring Plaintiff's new claims under the THRA. Defendant next argues that a §1981 claim must prove intentional discrimination based upon race, not gender, as Plaintiff's proposed Amended Complaint alleges. Plaintiff has indicated that the gender discrimination claims under § 1981 were inadvertently included in the proposed amended pleadings. Defendant also contends that Plaintiff's hostile work environment claim would not survive a motion to dismiss. Defendant argues that the EEOC made no determination about a hostile work environment, barring Plaintiff from bringing the charge in federal court. In addition, Defendant argues that there is no claim for hostile work environment under Tennessee common law. Defendant asserts that Plaintiff's proposed Amended Complaint fails to plead any facts to establish a prima facie case of discrimination based on gender and would not survive a motion to dismiss. In its final argument, Defendant contends that, under Sixth Circuit precedent, Plaintiff is not permitted to rely on a Tennessee Department of Labor Unemployment ("TDOL") decision. For these reasons, Defendant argues that the Court should deny Plaintiff's Motion to Amend Pro Se Complaint.

By order of the Court, Plaintiff has replied to the arguments raised in Defendant's response. Plaintiff argues that Rule 15 of the Federal Rules of Civil Procedure allows him to freely amend his complaint when justice so requires. Plaintiff contends that the proposed claims under the THRA and

the hostile work environment claim under Title VII should relate back to the date on which the original complaint was filed, making these claims timely. Furthermore, Plaintiff alleges that he has pleaded sufficient facts in support of his gender discrimination and retaliation claims to survive a motion to dismiss. Plaintiff directs the Court to the charge of discrimination letter in which the he talks about the type of discrimination that gave rise to these claims. Finally, Plaintiff argues that the TDOL decision is an evidentiary matter, and the motion to amend stage is not the proper time to consider its admissibility. Plaintiff contends that Defendant's request is better suited for a motion in limine.

## ANALYSIS

A pleading may be amended only "with the opposing party's written consent or by the court's leave."[1]  Rule 15(a)(2) of the Federal Rules of Civil Procedure states that "[t]he court should freely give leave when justice so requires."[2]  The Sixth Circuit has held that a motion to amend should be denied where the motion is "brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."[3]  In this case, Defendant argues that Plaintiff's Motion should be denied on the basis of timeliness as well as the futility of the proposed amendments. The Court will consider each argument in turn.

### I. Plaintiff's Proposed THRA Claims Are Time Barred

Defendant first argues that Plaintiff's Motion should be denied because his THRA gender

---

[1] Fed. R. Civ. P. 15(a)(2).

[2] *Id.*

[3] *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (citation omitted); *see also New Albany Tractor, Inc v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1052 (6th Cir. 2011) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

4

and retaliation claims are time barred.  Under Tennessee law, a victim of alleged employment discrimination may bring a claim by filing an administrative action with the THRA or EEOC followed by judicial review, or the plaintiff can file a direct action in state chancery court.[4]  If the plaintiff decides to file an administrative action, he is not barred from bringing a civil action before the administrative proceedings have been adjudicated.[5]  In like manner, a plaintiff is allowed to toll the statute of limitations if the alleged discriminatory action is apart of a continuing violation of the THRA.[6]  The continuing violation exception only applies in very limited circumstances.  For example, there must be evidence of a "long standing and demonstrative policy of discrimination."[7]  Even in these rare circumstances, the statue of limitations begins to run when the last alleged act of continuing discrimination ceases.[8]  If the plaintiff decides to file an administrative claim, the one-year statute of limitation for the claim does not toll while the claim is pending before the THRA or the EEOC.[9]

Plaintiff counters that his proposed THRA claims are not time barred because they relate

---

[4] *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986) (citing *Hoge v. Roy H. Park Broad. of Tenn, Inc.*, 673 S.W.2d 157 (Tenn. Ct. App. 1984)).

[5] *Moore v. Nashville Elec. Power Bd.*, 72 S.W.3d 643, 651 (Tenn. Ct. App. 2001).

[6] *Walker v. Town of Greenville*, 347 F. Supp. 2d 566, 569-70 (E.D. Tenn. 2004) (citing *Spicer v. Beaman Bottling Co.*, 937 S.W.2d 884, 889 (Tenn. 1996) (other citations omitted)).

[7] *Id.*

[8] *Reed v. Cracker Barrel Old Country Store*, 133 F. Supp. 2d 1055, 1074 (M.D. Tenn. 2000) (quoting Tenn. Code Ann. § 4-21-311(d)).

[9] *Burnett v. Tyco Corp.*, 932 F. Supp. 1039, 1044 (W.D. Tenn. 1996) (citing *Bennett v. Steiner-Liff Iron & Metal Co.*, 826 S.W.2d 119, 121 (Tenn. 1992) (other citations omitted)).

back to the original complaint under Federal Rule of Civil Procedure 15(c)(1)(B).[10] Rule 15(c)(1)B)

provides that the amendment relates back to the original pleading if it arises out of the same

transaction or occurrence as the original pleading.[11]  Recently, the Supreme Court has held that the

original and amended pleadings must be "tied to a common core of operative facts."[12]  The purpose

of Rule 15(c) is to ensure that a "party who has been notified of litigation concerning a particular

occurrence has been given all the notice that statute of limitations were intended to provide."[13]  In

determining whether an amended complaint relates back to the original pleading, the court should

consider "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party,

repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party,

and futility of the amendment."[14]

---

[10] Pl.'s Reply 4-5 (D.E. # 23).  Defendant contends that Plaintiff's Tennessee common law retaliation charge is barred by the THRA as well.  Tennessee's common law cause of action for retaliatory discharge was first recognized by the Tennessee Supreme Court in 1984.  *See Clanton v. Cain-Sloan*, 677 S.W.2d 441 (Tenn. 1984).  Many claimants under the THRA have cited *Clanton* as the source for a separate common law remedy apart from those listed in the THRA.  *England v. Fleetground, Inc.*, 878 F. Supp. 1058, 1064-65 (M.D. Tenn. 1995).  However, the Tennessee Supreme Court has held that the provisions of the THRA are the exclusive remedies available to a claimant who has been discriminated against by an employer.  *Id.* (citing *Hodges v.  S.C. Toof & Co.*, 833 S.W.2d 896, 898-99 (Tenn. 1992)).  Therefore, Plaintiff has no common law claim of retaliatory discharge apart from the THRA.  *Id.* (citing *Leach v. Rich*, 196 S.W. 138, 140 (Tenn. 1917)).  As such, the Court holds that Plaintiff's common law retaliation claims would not survive a motion to dismiss.

[11] Fed. R. Civ. P. 15(c)(1)(B).

[12] *Mayle v. Felix*, 545 U.S. 644, 664 (2005); *see also Pinchon v. Myers*, 615 F.3d 631, 642 (6th Cir. 2010).

[13] *Hodge v. United States*, No. 3:10-00172, 2011 WL 3565227, at *10 (M.D. Tenn. Aug. 15, 2011) (quoting *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 n.3 (1984)).

[14] *Moross Ltd. P'ship v.  Fleckenstein Capital, Inc.*, 466 F.3d 508, 518-19 (6th Cir. 2006) (quoting *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973)).

6

Here, Plaintiff filed his EEOC complaint less than one month after termination by Defendant (D.E. # 18). However, Plaintiff's original pleading never alleged any claims under the THRA. Even if Plaintiff were allowed to amend the original Complaint, the effort would be futile because the THRA's one-year statute of limitation would have run. Plaintiff's employment was terminated by the Defendant on May 21, 2011. Plaintiff filed his original Complaint on October 14, 2011. Plaintiff only had one-year to file a THRA claim, regardless of whether there was a pending administrative claim before the THRA or EEOC.[15] Likewise, the retaliation claim under the THRA proposed in the Amended Complaint is time barred as well. Accordingly, Plaintiff's Motion to Amend is **DENIED** as to any cause of action under the THRA.

## II. Claims Would Not Survive a Motion to Dismiss

Defendant also argues that several of Plaintiff's claims would not survive a Rule 12(b)(6) motion, and as such the Court should hold that these claims are futile. It is well-established that a "trial court may appropriately assess the legal sufficiency of a contemplated amendment in considering the propriety of granting leave to amend under Federal Rules of Civil Procedure 15(a) and deny the motion if amendment would be futile."[16] A proposed amended pleading is futile if the amended pleading would not withstand a motion to dismiss pursuant to Rule 12(b)(6).[17] Defendant argues that all of the proposed amended claims would be futile in this case. The Court will analyze the merits of each proposed claim and determine whether the amendment actually states a claim

---

[15] *See Burnett*, 932 F. Supp. at 1044.

[16] *Kindle Bldg. Co. v. Ford Motor Co.*, 17 F. Supp. 2d 701, 705 (N.D. Ohio 1997) (citing 6 Charles A Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1487 at 432-33 (1971)).

[17] *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 520 (6th Cir. 2010) (citation omitted).

7

upon which relief may be granted.

**A.  Section 1981 Claim Prohibits Race Discrimination, Not Sex Discrimination**

Defendant first argues that Plaintiff's proposed amendment to add claims under § 1981 would be futile.  Plaintiff acknowledges that § 1981 claims do not apply to gender discrimination, and the claim was inadvertently pleaded in proposed Amended Complaint.  The Court holds that any claims under § 1981 on the basis of gender would not survive a motion to dismiss.  Therefore, Plaintiff's Motion to Amend must be **DENIED** as to this issue.

**B.  Hostile Work Environment under Title VII**

Next, Defendant argues that the Court should deny Plaintiff leave to amend for hostile  work environment because the proposed amendment would be futile.  Defendant contends that the  EEOC determination letter only addressed retaliation and sex discrimination, which bars Plaintiff from bringing any other claim before this Court.  Plaintiff alleges in his proposed Amended Complaint that Defendant engaged in unlawful employment practices in violation of Title VII and Tennessee common law.  Plaintiff argues in his reply that the EEOC investigation could have revealed the existence of an abusive work environment.

To prevail on his claim for hostile work environment, Plaintiff must show  "(1) that the Title VII claims were raised directly in the EEOC charge or (2) that the claims included in EEOC charge would prompt the agency to uncover the other claims during an investigation reasonably expected to grow out of the charge of discrimination."[18]  To establish that a hostile work environment claim can reasonably grow out of an EEOC complaint, the plaintiff must show that the workplace was

---

[18] *Hollimon v. Shelby Cnty. Gov't*, 325 F. App'x. 406, 411 (6th Cir. 2009) (internal quotation marks omitted).

8

"permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."[19]  However, a plaintiff fails to exhaust his administrative remedy for a hostile work environment claim where the plaintiff's EEOC charge alleges only discrete act(s) of discrimination.[20] The Sixth Circuit has held that if a hostile work environment claim was not raised in the EEOC charge, then the claim cannot survive, "unless the allegations in the complaint can be reasonably inferred from the facts alleged in the charge."[21]

Here, Plaintiff alleges several examples in the proposed Amended Complaint of an abusive environment that occurred after he raised his initial concerns about the discrimination.  Plaintiff alleges that, at least since 2002, Defendant has engaged in unlawful employment practices in violation of Title VII.  Plaintiff claims that he was "demeaned, mocked and humiliated by his fellow employees when he asked for assistance with his work, whereas female employees with the same job title were allowed assistance."[22]  Additionally, Plaintiff asserts that Defendant began ignoring his complaints about the treatment he was receiving, tried to limit his ability to complain, asked him to submit to a drug screening, and eventually terminated his employment.[23]  Based on these fact pleadings, Plaintiff has arguably alleged enough plausible facts in support of his hostile work environment claim to survive a motion to dismiss.

---

[19]*Berryman v. SuperValu Holdings, Inc.*, 669 F.3d 714, 727 (6th Cir. 2012).

[20] *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010).

[21] *Id.* (quotation omitted).

[22] Proposed Am. Compl. (D.E. #18-2).

[23] *Id.*

However, the Court holds that these facts cannot be reasonably inferred from the EEOC charge.  On his EEOC charge form, Plaintiff indicated that his claim was based on gender discrimination and retaliation.[24]  Plaintiff's charge further stated that the earliest date of the alleged discrimination was May 11, 2009, and the latest May 20, 2010.  In his narrative, Plaintiff alleged, "[d]uring my employment, I was subject to unequal terms and conditions in that Pearl Lewis (female) was allowed assistance in completing her work related duties; whereas, I was not given/allowed assistance to complete job duties."[25]  Plaintiff went on to explain that he filed an internal grievance for gender discrimination on May 11, 2010, and was thereafter suspended without pay and terminated on May 20, 2010.[26]  Plaintiff concluded the particulars of his grievance by stating his belief that he was discriminated against on the basis of gender and retaliated against for filing his internal grievance.[27]  Based on the contents of Plaintiff's EEOC charge, it is clear that he did not directly assert a claim for hostile work environment.  What is more, the Court finds that his allegations about demeaning and mocking behavior that dated back to 2002 cannot be inferred from the facts alleged in the charge.  As such, the Court holds that Plaintiff has not exhausted his Title VII claim for hostile work environment, and so that claim would not survive a motion to dismiss.  Therefore, Plaintiff's Motion is **DENIED** as to this issue.

## C.  Hostile Work Environment under Tennessee Common Law

Furthermore, Defendant argues that a hostile work environment claim does not exist under

---

[24] Charge of Discrimination (D.E. # 1-1).

[25] *Id.*

[26] *Id.*

[27] *Id.*

Tennessee common law.  Tenn. Code Ann. § 4-21-401(a) makes it a discriminatory practices for an to:

> (1) fail or refuse to hire or discharge any person or otherwise to discriminate against an individual with respect to compensation, terms, conditions or privileges of employment because of such individual's race, creed, color, religion, sex, age or national origin; or (2) limit, segregate or classify an employee or applicants for employment in any way that would deprive or tend to deprive an individual of employment opportunities or otherwise adversely affect the status of an employee, because of race, creed, color, religion, sex, age, or national origin.[28]

The Tennessee Supreme Court has held that the THRA provides the exclusive remedies available to a claimant who has been discriminated against by an employer.[29]  In other words, once the legislature promulgates a statute and the statute provides a remedy, then that remedy becomes the exclusive method of relief.[30]  Furthermore, when a right does exist at common law but a subsequent statute enumerates that right, then "the statute is cumulative unless stated otherwise."[31]

Courts applying Tennessee law have consistently held that the THRA provides the exclusive remedy for claimants alleging employment discrimination in Tennessee.  Similar to Plaintiff's common law retaliatory discharge claim, this common law right, if it ever existed, was superseded by the THRA.  For the reasons outlined above, the Court holds that the Tennessee common law charge of hostile work environment could not withstand a motion to dismiss, and as such amending

---

[28] Tenn. Code Ann. § 4-21-401.

[29] *England*, 878 F. Supp. at 1064-65 (citing *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 898-99 (Tenn. 1992)).

[30] *Hodges*, 833 S.W.2d at 899 (citing *Turner v. Harris*, 281 S.W.2d 661, 665 (Tenn. 1955)).

[31] *Id.* (citing *Leach*, 196 S.W. at 140).

the complaint to add this pleading would be futile.  Therefore, Plaintiff's Motion is **DENIED** as to this claim.

### III.  Plaintiff's Inability to Rely on Tennessee Department of Labor Decision

Defendant's final contention is that Plaintiff is unable to rely on the Tennessee Department of Labor ("TDOL") decision that granted Plaintiff unemployment benefits.  Plaintiff counters that the pleadings stage is not the proper time to consider whether the TDOL decision is admissible as support for his claims.  The Court holds that amending the complaint to plead facts about the TDOL decision would be futile.

Under Tenn. Code Ann. § 50-7-304(k), unemployment claims are not to be considered in any other action.  The relevant statute reads:

> No finding of fact or law, judgment, conclusion, or final order made with respect to a claim for unemployment compensation under this chapter may be conclusive in any separate or subsequent action or proceeding in another forum, except proceedings under this chapter, regardless of whether the prior action was between the same or related parties or involved the same facts.[32]

As Defendant correctly notes, the Sixth Circuit has interpreted this statute to mean that TDOL decisions cannot be used in civil cases because they are the result of "quick and inexpensive hearings with different standards of proof than civil trials."[33] As a result, an unemployment hearing officer's decisions should not be admitted in an employment discrimination suit.[34]  Likewise, the Court holds

---

[32] Tenn. Code Ann. § 50-7-304(k) (other sections of statute amended by subsequent statute).

[33] *Reed v. Intermodal Logistics Serv., LLC.*, No.  09-2607, 2011 WL 4565450, at *13-14 (W.D. Tenn. Sep.  29, 2011) (citing *Pascal v. Anchor Advances Prod., Inc.*, No.  96-5453, 1997 U.S. App. LEXIS 17732, at *14 (6th Cir. July 10, 1997)).

[34] *Id.*

that it would be inappropriate to permit Plaintiff to refer to the TDOL decision in his pleadings. Therefore, Plaintiff's Motion is **DENIED** as to this issue.

### IV. Defendant's Motion to Dismiss

Finally, Plaintiff's Motion to Amend seeks leave to add more factual allegations in support of Plaintiff's original claims for gender discrimination and retaliation. Plaintiff originally filed this matter pro se and utilized a form complaint provided by the Clerk of Court. Plaintiff has since retained counsel and prepared an Amended Complaint with the assistance of counsel. Even though the Court has denied Plaintiff leave to amend his original Complaint for the purpose of adding new claims, the Court finds good cause to grant Plaintiff an opportunity to file an Amended Complaint containing additional factual support for his existing claims. Therefore, Plaintiff's Motion is **GRANTED** for that limited purpose. Plaintiff is directed to revise his proposed Amended Complaint consistent with the holdings in this Order. Plaintiff should also attach to the Amended Complaint copies of the administrative record, which were attached to the original pleadings. Plaintiff is ordered to file his revised Amended Complaint as a separate docket entry within 21 days of the entry of this order.

As for Defendant's Motion to Dismiss, it is well-settled that an amended complaint supersedes the original complaint and renders the initial pleading a nullity.[35] Courts in this Circuit and others will deny motions to dismiss a complaint as moot after a plaintiff subsequently files an amended complaint.[36] Defendants' Motion to Dismiss is directed at Plaintiffs' original, pro se Complaint.

---

[35] *B & H Medical, L.L.C. v. ABP Admin., Inc.*, 526 F.3d 257, 268 (6th Cir. 2008).

[36] *E.g., Pinks v. Lowe's Home Centers, Inc.*, 83 F. App'x 90 (6th Cir. 2003); *Productive MD, LLC v. Aetna Health, Inc.*, No. 3:12-cv-00052, 2012 WL 1119654, at * 2 (M.D. Tenn. Apr. 3, 2012); *Dooley v. Byars*, No. 5:11-CV-153, 2012 WL 443470 (W.D. Ky. Feb. 10, 2012)

While it is true that Plaintiff's Amended Complaint will allege the same causes of action as his pro se Complaint, Plaintiff is granted leave to plead additional facts upon which his claims rest. Therefore, upon the filing of the Amended Complaint, Defendants' Motion to Dismiss will be **DENIED** as moot and without prejudice to present any and all issues raised in the instant Motion to Dismiss in a subsequent dispositive motion.

<u>CONCLUSION</u>

Plaintiffs' Motion for Leave to File Amended Complaint is **GRANTED IN PART** as to supplement any additional facts related to his Title VII gender and retaliation claims, but **DENIED IN PART** as to its proposed claims under the THRA, § 1981, Title VII hostile work environment, and Tennessee common law.  Defendant's Motion to Dismiss is **DENIED** without prejudice.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: July 25, 2012.

---

*McCloy v. Correction Medical Services*, No. 07-13839, 2009 WL 190035, *2 (E.D. Mich. Jan. 27, 2009); *Williams v. Kelly*, No. 07-10999, 2007 WL 2951303, *1 (E.D. Mich. Oct. 10, 2007); *Yates v. Applied Performance Techs., Inc.*, 205 F.R.D. 497, 499 (S.D. Ohio 2002).  *See also Young v. City of Mount Ranier,* 238 F.3d 567, 573 (4th Cir. 2001); *Milton v. Chicago Park Dist.*, 151 F.3d 1053, *1 (7th Cir. 1998) (unpublished table decision).